1              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF INDIANA
2                      HAMMOND DIVISION

3   UNITED STATES OF AMERICA        ) Cause No.:
                                    ) 2:17-cr-169
4        vs.                        )
                                    )
5   SHEILA GEARY,                   ) Hammond, Indiana
                                    ) March 7, 2019
6             Defendant.            )
                                    )
7   _____   )
                                    )
8

9              **TRANSCRIPT OF CHANGE OF PLEA HEARING**
            **BEFORE THE HONORABLE JOSEPH S. VAN BOKKELEN**
10                **UNITED STATES DISTRICT JUDGE**

11  APPEARANCES:

12  For the Government:      AUSTIN M. BERRY
                            U.S. DEPARTMENT OF JUSTICE
13                          CRIMINAL DIVISION
                            1400 New York Avenue NW, Suite 600
14                          Washington, DC  20530
                            (202) 514-5780
15                          Austin.berry2@usdoj.gov

16

    For the Defendant:      KERRY C. CONNOR
17                          LAW OFFICE OF KERRY CONNOR
                            9013 indianapolis Boulevard, Suite C
18                          Highland, Indiana  46322
                            (219) 972-7110
19                          Kcconnor@sbcglobal.net

20

21

22
    Proceedings reported by stenotype.  Transcript produced by
23  computer-aided transcription.

24

25

1          (The following proceedings were held in open court

2          commencing at 1:59 p.m., reported as follows:)

3      (Call to Order of the Court.)

4          **THE COURT:**  You can all be seated.  Are you just

5  standing up --

6          **MR. BERRY:**  I assumed I was going to make

7  appearances in a moment.  I was being lazy, I guess.

8          **THE COURT:**  That's okay.  I didn't know if there was

9  something I needed to take up before I get to this.

10          This is the case of *United States of America*

11  *v. Sheila Geary*, Hammond criminal No. 2:17-CR-169.  The

12  defendant is in the courtroom with her lawyer, Kerry Connor,

13  and the government is represented by Assistant United States

14  Attorney Austin Berry.

15          **MR. BERRY:**  Good afternoon.

16          **THE COURT:**  Good afternoon.

17          Ms. Geary, will you and Ms. Connor please approach

18  the podium.

19          **MS. CONNOR:**  Yes, Your Honor.

20          **THE COURT:**  Ms. Geary, how are you feeling?

21          **THE DEFENDANT:**  Okay, sir.

22          **THE COURT:**  Are you ready to go forward?

23          **THE DEFENDANT:**  Yes, Your Honor.

24          **THE COURT:**  Mr. Berry, assuming that the Court

25  accepts Ms. Geary's guilty plea to Count 3, will the government

1   be seeking that she be detained while awaiting sentencing?

2           **MR. BERRY:**  No, Your Honor.

3           **THE COURT:**  Okay.  Thank you very much.

4           Assuming the Court accepts Ms. Geary's guilty plea

5   to Count 3 of the Indictment, the Court will adopt the

6   government's position regarding Ms. Geary's flight risk and the

7   possible dangers to others and will not order that Ms. Geary be

8   detained while awaiting sentencing.

9           Ms. Geary, during this hearing I will ask you some

10  questions.  Before we begin, would you please turn, face my

11  courtroom deputy, and he'll place you under oath.

12      (The oath was duly administered.)

13          **THE DEFENDANT:**  I do.

14          **THE COURT:**  Ms. Geary, do you understand that you

15  are now under oath and that if you answer any of my questions

16  falsely, your answers may be used against you in another

17  prosecution for perjury or making a false statement?

18          **THE DEFENDANT:**  Yes, Your Honor.

19          **THE COURT:**  Okay.  A federal grand jury returned a

20  three-count Indictment against you and David Geary, and Count 3

21  pertained to you.  In Count 3 you were charged with possession

22  of child pornography in violation of 18 U.S.C. § 2252(a)(4).

23          You appeared before a Magistrate Judge and entered a

24  plea of not guilty to the charges in the Indictment.

25          Ms. Geary, it is my understanding that you are here

1   today because you want to change your not-guilty plea to

2   Count 3 in the Indictment to guilty; is that correct?

3           **THE DEFENDANT:**  Yes, sir.

4           **THE COURT:**  Okay.

5           And, Mr. Berry, there are victims in this case,

6   correct?

7           **MR. BERRY:**  Yes, Your Honor.

8           **THE COURT:**  And were notice given to those crime

9   victims about this hearing?

10          **MR. BERRY:**  Yes, Your Honor.

11          **THE COURT:**  Are any of them here today?

12          **MR. BERRY:**  One of Ms. Geary's daughters is here but

13  not the victim of this particular offense.  So she was one of

14  the victims of David Geary when he allocuted but not

15  technically to this count.

16          **THE COURT:**  Okay.  And I'll take any comments they

17  have probably at the sentencing hearing would be the most

18  appropriate time.

19          **MR. BERRY:**  That's fine.  Right.  I just wanted you

20  to know she is -- one of the daughters is here.  She was a

21  victim in the other part of the case but not technically this

22  one.  But that victim, who is not here, has been notified of

23  this hearing.

24          **THE COURT:**  Okay.  Thank you very much.

25          Ms. Geary, before I allow you to change your plea to

1   Count 3, I will ask you some questions to make sure that your

2   plea is valid.  If there is any questions that you do not

3   understand or at any time want to consult with Ms. Connor,

4   please say so because it is essential to a valid plea that you

5   understand each question before you answer it.

6          Okay?

7            **THE DEFENDANT:**  Yes, sir.

8                   **EXAMINATION**

9   **BY THE COURT:**

10   **Q.**  Ms. Geary, what is your full name?

11   **A.**  Sheila Ann Geary.

12   **Q.**  How old are you?

13   **A.**  52.

14   **Q.**  How far did you go in school?

15   **A.**  Some after high school, some correspondence course.

16   **Q.**  Is it fair to say you are able to speak and understand

17   English?

18   **A.**  Yes.

19   **Q.**  Likewise, you are able to read and write English?

20   **A.**  Yes, sir.

21   **Q.**  Okay.  Are you a United States citizen?

22   **A.**  Yes.

23   **Q.**  Have you taken any drugs in the past 24 hours?

24   **A.**  No, sir.

25   **Q.**  How about medicine or pills in the past 24 hours?

1   **A.**   I am on medications.

2   **Q.**   And what's that medication?

3   **A.**   I'm on Lexapro for anxiety and depression.  I'm on Norco

4   for back and spinal issues.  I'm on Oxybutynin for overactive

5   bladder, and I'm on Gabapentin for nerve issues.

6   **Q.**   With regard to any of those medications, is there anything

7   about those medications that make it difficult for you to

8   understand what's going on today?

9   **A.**   No, sir.

10  **Q.**   Are they affecting your ability to hear what's going on

11  today?

12  **A.**   No, sir.

13  **Q.**   And they are not affecting your ability to respond; is that

14  correct?

15  **A.**   That is correct.

16  **Q.**   Okay.  When is the last time you took any medication?

17  **A.**   This morning about 8:00 o'clock.

18  **Q.**   Have you drunk any alcoholic beverages in the past

19  24 hours?

20  **A.**   No, sir.

21  **Q.**   Ms. Geary, have you ever been treated for any mental

22  illness?

23  **A.**   Yes, sir.

24  **Q.**   And tell me what that was?

25  **A.**   I have been in off-and-on treatment for anxiety and

1    depression since 2010.

2    **Q.**   And is that one of the reasons you are taking medication

3    for that?

4    **A.**   Yes, sir.

5    **Q.**   Okay.  And is there anything about what's going on today

6    right now that you're not able to understand?

7    **A.**   No, sir.

8    **Q.**   And you're here today to change your plea from not guilty

9    to guilty to Count 3; is that correct?

10   **A.**   Yes, sir.

11   **Q.**   Have you recently been treated for addiction to narcotic

12   drugs of any kind?

13   **A.**   No, sir.

14   **Q.**   And do you understand what's happening today and why you

15   are here?

16   **A.**   Yes, I do.

17   **Q.**   And you're here today to change your plea to guilty to

18   Count 3 of the Indictment; is that correct?

19   **A.**   Yes, sir.

20        **THE COURT:**   And to both counsel, Ms. Connor and

21   Mr. Berry, do either of you have any doubt as to Ms. Geary's

22   competence to plead at this time?

23        **MS. CONNOR:**   No, Your Honor.

24        **MR. BERRY:**   No, Your Honor.

25        **THE COURT:**   Thank you very much.  The Court finds

1  that Ms. Geary is able to understand the significance of this

2  proceeding and is competent to continue.

3  **BY THE COURT:**

4  **Q.**   Ms. Geary, have you received a copy of the Indictment;

5  that's the written charges pending against you?

6  **A.**   Yes.

7  **Q.**   Have you read the Indictment?

8  **A.**   Yes, Your Honor.

9  **Q.**   Have you discussed the charges against you and the case in

10 general with Ms. Connor?

11 **A.**   Yes, I have.

12 **Q.**   Has Ms. Connor advised you of what things the government

13 would have to prove if you went to trial in this case?

14 **A.**   Yes.

15 **Q.**   Has Ms. Connor advised you of any possible defenses you

16 might have to the charges?

17 **A.**   Yes, sir.

18 **Q.**   Have you had enough time to discuss your case with

19 Ms. Connor?

20 **A.**   Yes, sir.

21 **Q.**   Are you fully satisfied with Ms. Connor's representation

22 and advice given to you in this case by Ms. Connor?

23 **A.**   I am, sir.

24 **Q.**   Ms. Geary on February 15, 2019, you filed a notice of

25 intent to plead guilty.  Do I understand that you want to

1  change your plea to Count 3 in the Indictment from not guilty

2  to guilty; is that correct?

3  **A.**  Yes, sir.

4  **Q.**  Okay.  And in filing that notice, you conferred with

5  Ms. Connor; is that correct?

6  **A.**  Yes, sir.

7  **Q.**  And these conferences took place prior to the time you

8  filed that notice; is that correct?

9  **A.**  Yes, sir.

10  **Q.**  And you want the Court to accept that notice; is that

11  correct?

12  **A.**  Yes, sir.

13  **Q.**  I want you to understand that this charge includes the

14  following elements; that is, factual propositions that the

15  government must prove.

16        As to Count 3:  First, that you knowingly possessed

17  matters that you knew contained a visual depiction of a minor

18  engaged in sexually explicit conduct; second, that you knew

19  that the visual depictions contained in the matter was of a

20  minor engaged in sexually explicit; third, that you knew that

21  the production of such visual depiction involved the use of a

22  minor in sexually explicit conduct; and, finally, that the

23  visual depiction had been produced using material that had been

24  mailed, shipped, and transported in interstate or foreign

25  commerce including by computer.

1    **THE COURT:**  And to both counsel, have I correctly

2    stated the elements?

3    **MS. CONNOR:**  Your Honor, because of the way that

4    this count is charged, there is an additional element of

5    knowledge that the minor was actually under 12 years old, as

6    well.

7    **THE COURT:**  Okay.

8    **MR. BERRY:**  That's correct, Your Honor.  It changes

9    the statutory maximum from 10 years to 20 years.  The element

10   of whether she -- the images were of children under the age of

11   12.

12   **THE COURT:**  So what I need to say is the elements is

13   a depiction of a minor under the age of 12 -- or 12 or under,

14   right?

15   **MR. BERRY:**  Correct, under the age of 12.

16   **THE COURT:**  Okay.

17   So let me try it this way.  Tell me if you're right.

18   Thank you, Ms. Connor.

19   First, that you knowingly possesses matter that you

20   knew contained a visual depiction of a minor under the age

21   of 12 engaged in sexually explicit conduct; second, that you

22   knew that the visual depiction contained in the matter was of a

23   minor under the age of 12 engaged in sexually explicit conduct;

24   third, that you knew that the production of such visual

25   depiction involved a minor under the age of 12 in sexually

1  explicit conduct; and, finally, that the visual depictions had

2  been produced using material that had been mailed, shipped, and

3  transported in interstate or foreign commerce including a

4  computer.

5          And with those modifications, have I correctly

6  stated the elements?

7          **MS. CONNOR:**  Yes, Your Honor.

8          **THE COURT:**  Mr. Berry?

9          **MR. BERRY:**  Yes, Your Honor.

10 **BY THE COURT:**

11 **Q.**  Ms. Geary, do you understand the legal elements of the

12 charge to which you want to plead guilty?

13 **A.**  Yes, sir.

14 **Q.**  Do you have any questions?

15 **A.**  No, sir.

16 **Q.**  Do you understand that the government must prove each

17 element of the charge beyond a reasonable doubt before you can

18 be found guilty of that charge?

19 **A.**  Yes, sir.

20 **Q.**  Okay.  Do you understand that the charge to which you want

21 to plead guilty carries the following possible maximum

22 penalties:  Up to 20 years of imprisonment, a fine of up to

23 $250,000, a minimum of five years of supervised release, and as

24 much as a lifetime of supervised release, and $100 special

25 assessment?

1          And do you also understand that the Court may order

2   or be required to order under the Mandatory Victim Restitution

3   Act that you make restitution to any victim of the offense?

4          And, finally, do you understand that the Court may

5   require you to forfeit certain property to the government?

6          **THE COURT:**  And to both counsel, have I correctly

7   stated the possible penalties?

8          **MS. CONNOR:**  Yes, Your Honor.

9          **MR. BERRY:**  Yes, Your Honor.

10  **BY THE COURT:**

11  **Q.**  Ms. Geary, do you understand these possible penalties and

12  consequences of your plea?

13  **A.**  Yes, sir.

14  **Q.**  Any questions?

15  **A.**  No, sir.

16  **Q.**  Do you also understand that if the Court imposes a prison

17  sentence of more than one year, you will be required to serve

18  at least 85 percent of that sentence?

19  **A.**  Yes, sir.

20  **Q.**  And you discussed this all with Ms. Connor, correct?

21  **A.**  Yes, sir.

22  **Q.**  And these discussions all took place prior to today; is

23  that correct?

24  **A.**  Yes, Your Honor.

25  **Q.**  Has Ms. Connor explained to you what supervised release is?

1    **A.**   Yes, sir.

2    **Q.**   And do you believe you understand what supervised release

3    is?

4    **A.**   Yes, sir.

5    **Q.**   Do you understand that if you are placed on supervised

6    release, you will be required to live your life pursuant to

7    certain conditions, and that if you violate those conditions,

8    your supervised release could be revoked and you could be given

9    additional time in prison; do you understand that?

10   **A.**   Yes, I do.

11   **Q.**   Do you also understand that the offense to which you want

12   to plead guilty is a felony offense; that is, an offense that

13   is punishable by a term of imprisonment of more than one year;

14   do you understand that?

15   **A.**   Yes, sir.

16   **Q.**   And do you also understand that if I accept your guilty

17   plea, you will be adjudged guilty of that offense, and you may

18   be deprived of valuable civil rights such as the right to vote,

19   the right to hold public office, the right to serve on a jury,

20   and the right to possess any kind of firearm; do you understand

21   that?

22   **A.**   Yes, sir.

23   **Q.**   The Court will determine what your sentence should be using

24   a combination of advisory sentencing guidelines, possible

25   authorized variances from those guidelines, and other statutory

1    sentencing factors.  Have you and Ms. Connor talked about how

2    the advisory sentencing guidelines might apply to your case?

3    **A.**   Yes, sir.

4    **Q.**   Do you believe you understand that?

5    **A.**   Yes, sir.

6    **Q.**   Okay.  Do you understand that the Court will not be able to

7    determine the advisory guideline sentence for your case until a

8    probation officer prepares a presentence report and you and the

9    government have had an opportunity to respond to the reported

10   facts and the application of the guidelines recommended by the

11   probation officer?

12         In other words, you understand you are not going to

13   be sentenced today?

14   **A.**   Yes, sir.

15   **Q.**   At sentencing the Court will determine the sentencing range

16   from the sentencing guidelines.  However, the Court will also

17   examine other statutory sentencing factors under

18   18 U. S. C. § 3553(a).  This means that your actual sentence

19   may differ from the sentence suggested by the guidelines.  Do

20   you understand that?

21   **A.**   Yes, Your Honor.

22   **Q.**   And you discussed this all with Ms. Connor, correct?

23   **A.**   Yes, sir.

24   **Q.**   Do you understand that the sentence only imposed may be

25   different from any estimate that Ms. Connor or anyone else may

1  have given you?

2  **A.**  Yes, sir.

3  **Q.**  Okay.  Do you also understand that under some

4  circumstances, you or the government may appeal your conviction

5  or any sentence I impose?

6  **A.**  Yes, sir.

7  **Q.**  Ms. Geary, do you have any written or verbal agreements

8  with the government about this change of plea?

9  **A.**  No, sir.

10  **Q.**  There is no written documents, correct?

11  **A.**  No, sir.

12  **Q.**  Is there any agreements, oral agreements, with the

13  government?

14  **A.**  No.

15  **Q.**  Is there any agreement in any way with the government about

16  this case?

17  **A.**  No, sir.

18          **THE COURT:**  And to both counsel, are there any

19  written or verbal agreements between Ms. Geary and the

20  government?

21          **MS. CONNOR:**  No, Your Honor.

22          **MR. BERRY:**  No, Your Honor.

23          **THE COURT:**  Okay.

24  **BY THE COURT:**

25  **Q.**  Ms. Geary, has anyone attempted to force you to plead

1   guilty or otherwise threatened you?

2   **A.**  No, sir.

3   **Q.**  Has anyone promised you anything, anything at all, to get

4   you to plead guilty?

5   **A.**  No, sir.

6   **Q.**  Are you pleading guilty of your own free will?

7   **A.**  I am, Your Honor.

8   **Q.**  Okay.  Ms. Geary, do you understand that you have a right

9   to plead not guilty to any offense charged against you and to

10   persist in that plead?

11   **A.**  Yes, sir.

12   **Q.**  Do you understand that nobody can force you to plead

13   guilty?

14   **A.**  Yes, sir.

15   **Q.**  That has to be your decision; do you understand that?

16   **A.**  Yes, sir.

17   **Q.**  And do you also understand that you have a right to be

18   represented by counsel and, if necessary, have the Court

19   appoint counsel at trial and every stage of the proceeding; do

20   you understand that?

21   **A.**  I do, sir.

22   **Q.**  Let me list the other rights you would have if you

23   persisted in your plea of not guilty.  You would then have a

24   right to a trial by jury.  A jury is made up of 12 people and

25   you may participate in selecting them.  All 12 jurors would

1   have to unanimously reach a verdict before you could be found

2   guilty.  You and the government could also agree to go to trial

3   without a jury and then I, as a judge, would decide whether or

4   not you are guilty.  At trial you would be presumed to be

5   innocent, and the government would be required to prove you

6   guilty by competent evidence and beyond a reasonable doubt

7   before you could be found guilty.

8           At trial you are not required to prove that you are

9   innocent; that is, the burden is upon the government to prove

10  that you are guilty.  During trial, the government's witnesses

11  would have to come to Court and testify in your presence, and

12  Ms. Connor could cross-examine the government's witnesses.

13  Where applicable, Ms. Connor could object to evidence offered

14  by the government.  In turn, you could present your own

15  witnesses and other evidence on your behalf.  If the witnesses

16  for you would not appear voluntarily, you could require their

17  attendance through the subpoena power of the Court.  And if you

18  wanted, you would have the right to testify at trial.

19          On the other hand, if you did not want to testify at

20  your trial, you would have the right not to testify and no

21  inference or suggestion of guilt could be drawn from the fact

22  that you did not testify.  Moreover, if you went to trial and

23  were convicted, you would have the right to appeal your

24  conviction with the assistance of a lawyer.  Do you understand

25  all these rights I just listed for you?

1    **A.**   Yes, sir.

2    **Q.**   And these rights were all explained to you prior to today;

3    is that correct?

4    **A.**   Yes, Your Honor.

5    **Q.**   However, if you plead guilty and the Court accepts your

6    plea, there will be no trial, and you will be found guilty.

7    You will have to give up your right to a trial.  You will give

8    up your right to a trial and the other rights I just discussed.

9    You also have to give up your right not to incriminate yourself

10   because I will ask you questions about what you did in order to

11   be sure you are guilty as charged.  You will have to admit or

12   confess your guilt.  Do you understand those things?

13   **A.**   Yes, Your Honor.

14   **Q.**   Now that I discussed your rights with you, do you still

15   want to plead guilty?

16   **A.**   Yes, Your Honor.

17   **Q.**   Ms. Geary, you stated earlier that you have read and

18   understand the charges against you in the Indictment; is that

19   correct?

20   **A.**   Yes, Your Honor.

21   **Q.**   Do you have any questions?

22   **A.**   No, sir.

23   **Q.**   Before we go further, before I ascertain whether you are

24   guilty of the charge to which you intend to plead guilty, would

25   you like the charge read to you here in open court, or do you

1    waive that reading?

2    **A.**   I waive that reading.

3    **Q.**   Thank you very much.

4         Ms. Geary, did you commit the charge contained in

5    Count 3 of the Indictment?

6    **A.**   Yes, sir.

7    **Q.**   I want you to tell me in your own words what you did in

8    connection with that charge and where your actions took place

9    that make you believe that you are guilty.  And I would ask

10   Ms. Connor to help you establish what we call a factual basis

11   to support your plea.

12              **THE COURT:**  Ms. Connor.

13              **MS. CONNOR:**  Yes, Your Honor.

14                        **EXAMINATION**

15   **BY MS. CONNOR:**

16   **Q.**   Ms. Geary, between June 2, 2013, and October 18, 2017, did

17   you become aware of a USB your husband had kept with sexually

18   explicit pictures of minors on it?

19   **A.**   Yes.

20   **Q.**   And during that time period, did you take control of that

21   USB?

22   **A.**   Yes.

23   **Q.**   And isn't it correct that you hid that USB?

24   **A.**   Yes.

25   **Q.**   Eventually, after your husband was arrested, is it correct

1  that you turned that USB over to law enforcement?

2  **A.** Yes, I did.

3  **Q.** Now, on that USB you indicated that there were sexually

4  explicit pictures of minors?

5  **A.** Yes.

6  **Q.** Among those pictures, isn't it correct that you found

7  pictures of your daughter, MF-2?

8  **A.** Yes.

9  **Q.** And you knew that MF-2 at that time was under 12 years old?

10  **A.** Yes.

11  **Q.** Now, you understand that one of the elements of the offense

12  is that the -- either the means or facilities of interstate and

13  foreign commerce are used in affecting interstate commerce,

14  including a computer would have to be used for the production

15  of these pictures?

16  **A.** Yes.

17  **Q.** And you do agree that, in fact, the USB and/or the camera

18  that was used related to the taking of these pictures did, in

19  fact, travel in interstate commerce?

20  **A.** Yes.

21          **MS. CONNOR:** Is that sufficient, Your Honor?

22          **THE COURT:** Okay. Ms. Geary, I am going to ask the

23  government to summarize what its evidence would be if this case

24  went to trial. Listen closely to Mr. Berry because I will ask

25  you whether you disagree with any of the government's evidence,

1    and to the extent you agree, that would also become part of

2    your factual basis.

3              Mr. Berry?

4         **MR. BERRY:**  Thank you, Your Honor.  In approximately

5    April 2013 and again in June 2013, defendant's husband,

6    David Geary, showed defendant sexually explicit photographs of

7    MF-2 as well as sexually explicit photos and videos of other

8    children, who defendant did not know.  The images of MF-2 were

9    produced using a camera that's manufactured outside of the

10   state of Indiana, specifically in Thailand.  David Geary showed

11   defendant these photographs on one of their home computers

12   using a thumb drive that stored the images.  The thumb drive

13   was also manufactured outside the state of Indiana,

14   specifically in China.

15             In June, 2013, MF-2 was seven years old.  The photos

16   depicting FM2 show her in various poses, some wearing a

17   nightgown without underwear exposing her vagina as the focal

18   point of the image.  The photos and videos of the unknown

19   children depict similar sexually explicit activity of children

20   under the age of 12, some engaged in sexual acts with other

21   people and some engaged in the lascivious exhibition of their

22   genitals.

23             In 2013, the defendant took the thumb drive knowing

24   it contained these videos and photographs of prepubescent child

25   pornography and taped it to the back of a mirror to hide it

 1   from her husband, David Geary.  She maintained possession of

 2   that thumb drive until October, 2017 when she gave it to law

 3   enforcement.  That's all, Your Honor.

 4            **THE COURT:**  Thank you very much.

 5            Ms. Geary, do you agree with the government's

 6   summary of what you did?

 7            **MS. CONNOR:**  Your Honor, may I have a moment?

 8       (Discussion between counsel and the defendant off the

 9        record.)

10            **MS. CONNOR:**  Okay.

11            **THE DEFENDANT:**  Yes, sir.

12            **THE COURT:**  Okay.  Thank you very much.  Do both

13   counsel, starting with Ms. Connor, agree that an adequate

14   factual basis has been given by Ms. Geary to support the guilty

15   plea to Count 3 of the Indictment?

16            **MS. CONNOR:**  Yes, Your Honor.

17            **MR. BERRY:**  Yes, Your Honor.

18            **THE COURT:**  Okay.  And, Ms. Geary, remember at your

19   sentencing hearing the victim of your offense will have an

20   opportunity to be heard.  Do you understand that?

21            **THE DEFENDANT:**  Yes, sir.

22            **THE COURT:**  At this time, Ms. Geary, let me ask you:

23   How do you want to plead as to Count 3 of the Indictment in

24   this case?

25            **THE DEFENDANT:**  Guilty.

1        **THE COURT:**  It is the finding of the Court in the

2  case of *United States of America v. Sheila Geary*, that

3  defendant, Sheila Geary, is fully competent and capable of

4  entering an informed plea; that defendant, Sheila Geary, is

5  aware of the charge and the consequences of the plea; and that

6  the plea of guilty is a knowing and voluntary plea supported by

7  an independent basis in fact containing each of the essential

8  elements of the offense.  The plea is therefore accepted, and

9  the defendant is now adjudged guilty of Count 3 of the

10  Indictment.

11        I refer Ms. Geary to the probation office to prepare

12  a presentence investigation report pursuant to Federal Rule of

13  Criminal Procedure 32(c)(1).

14        And, Ms. Connor, would you arrange for that meeting

15  to take place.

16        **MS. CONNOR:**  Yes, Your Honor.  Just for the record,

17  I am going to be out of town until after March 18th.  I have

18  already spoken with Mr. Beier.  We signed off on the necessary

19  releases, but we will not be able to do that interview until

20  after my return.

21        **THE COURT:**  Okay.  That's fine.  Is that okay with

22  the government?

23        **MR. BERRY:**  Fine with me, Your Honor.

24        **THE COURT:**  Ms. Geary, it is in your best interest

25  to cooperate with the probation officer and truthfully answer

1  all the officers' questions because the report will be

2  important as to my decision as to what your sentence will be.

3  I am asking that Ms. Connor be present when you provide the

4  information.  You and Ms. Connor have a right to examine the

5  report, make objections to the report, and comment on it at the

6  time of the sentencing.

7       And to both counsel, after this hearing I will enter

8  a written order that sets forth your obligations and the

9  Court's expectations regarding the sentencing procedures.  As

10 both counsel know, as you have both been in front of me before,

11 please pay close attention to this order as I require pretty

12 strict adherence to it.  Also, the sentencing hearing is going

13 to take place -- and I will get to a date, but it comes up in

14 May, right, I think it is?

15      **MR. BERRY:**  Yes, Your Honor, everybody was

16 accommodating me because my job is ending soon, so we are

17 trying to do it earlier in May.

18      **THE COURT:**  That's fine.  No problem at all.

19      **MR. BERRY:**  Thank you.

20      **THE COURT:**  Also note, as you all both know, the

21 sentencing recommendation portion of the report will be

22 disclosed to the parties both when the draft PSR is created and

23 when the final report is completed.  This means that the

24 parties will have the opportunity to submit their comments or

25 objections to the probation officer preparing the presentence

1    report as to what they believe the appropriate recommendation

2    regarding the defendant's sentence should she be and the

3    conditions of supervised release, if any.  Once the report is

4    finalized, a party may bring up all issues regarding the

5    sentencing recommendation by the probation officer, including

6    the conditions of supervised release, directly to the Court in

7    a sentencing memorandum.

8              As I already told you, Ms. Geary, a couple times,

9    you should know at your sentencing hearing, any victim of your

10   crime will be afforded the opportunity to be reasonably heard.

11             **THE DEFENDANT:**  Yes, sir.

12             **THE COURT:**  Okay.  Restitution is mandatory in this

13   matter.  The question is can we take this up in the sentencing

14   memorandum, or are we going to need a separate hearing?

15             **MR. BERRY:**  I am hopeful that we can take it up at

16   sentencing and now that we've already done that sort of leg

17   work on the front side for David -- I don't know that

18   Ms. Connor is aware or familiar with how that shook out, but I

19   am happy to share that with her -- the paperwork we got from

20   counseling and how we came up with that number, share that with

21   her.

22             **MS. CONNOR:**  I am not familiar with how the

23   resolution --

24             **THE COURT:**  Okay.  Well, my thing is the clock

25   starts running on me when we enter the plea.  I just want to

1   make sure we get all this done before we have the sentencing

2   hearing.  I will prefer if we could do it through the

3   sentencing memorandum rather than having a hearing.  That's

4   more work for you all.

5           If we need a hearing, let me know.  We will have a

6   hearing on it.

7           **MS. CONNOR:**  Your Honor, I can't speak to that right

8   now because we do not have an agreement for purposes of this

9   plea and, therefore, I don't really know what the government's

10  position is regarding restitution.

11          **THE COURT:**  No, I understand it.  And Mr. Berry will

12  share that with you as to information that took place in the

13  other hearing.  So I'm not saying you have to accept it.  I'm

14  just saying you'll get a chance to look at that obviously.

15          The sentencing is set for May 24, 2019, at

16  2:00 o'clock p.m. which is Central Time, of course.  It was the

17  date agreed to by both counsel.

18          As the Court earlier stated, having found Ms. Geary

19  guilty of the charge in Count 3 of the Indictment, the Court

20  adopts the government's position that Ms. Geary is not a flight

21  risk and does not present a danger to others or the community.

22  Accordingly, the Court will not order that Ms. Geary be

23  detained while awaiting sentence.

24          Does the government object to the present bond and

25  pretrial release conditions being continued?

1          **MR. BERRY:**  No, Your Honor.

2          **THE COURT:**  It is ordered the present bond and

3    pretrial release conditions be continued until sentencing.

4          Ms. Geary, do you understand that all the conditions

5    on which you are released up to now continue to apply and that

6    the penalty for violating those condition can be severe?

7          **THE DEFENDANT:**  Yes, Your Honor.

8          **THE COURT:**  Do you further understand that you must

9    be in this courtroom on the day of your sentencing?

10          **THE DEFENDANT:**  Yes, Your Honor.

11          **THE COURT:**  And do you finally understand that

12    failing to appear as required is a criminal offense for which

13    you can be sentenced to imprisonment?

14          **THE DEFENDANT:**  Yes, Your Honor.

15          **THE COURT:**  Okay.  And, counsel, anything else we

16    need to address today, Ms. Connor?

17          **MS. CONNOR:**  Your Honor, I would only like to

18    clarify for the record that Ms. Geary's older children, MF-1

19    and MM-3 came to court today.  I know Mr. Berry mentioned one

20    of those children had been a victim related to Mr. Geary's

21    conduct.  But I wanted to make sure that the record is clear

22    that MF-1 and MM-3 came with their mother today to show support

23    for her, not as victims of anything that Ms. Geary has done.

24          **THE COURT:**  Right.  And I believe the one that's

25    designated as a victim is not here today; is that correct?

1          **MR. BERRY:**  That's correct.  And on that point, Your

2     Honor -- I'm sorry.  Were you done?

3          **MS. CONNOR:**  Yes.

4          **MR. BERRY:**  Okay.  On that point, if it's okay with

5     Your Honor, I think we did this previously -- if you wouldn't

6     mind issuing an oral order for the court reporter to redact the

7     names of what I call MF-2, what she referred to as MF-2; that

8     MF-2's name should be redacted to the label of MF-2.

9          I think it might also be appropriate if you're okay

10    with this, Ms. Connor, that MF-1 and MM-3's name also be

11    redacted.  And that's not so much because they're victims of

12    this case but because of the interfamilial nature of this,

13    anybody who reads the transcript can put two and two together

14    with David's transcript and figure out who MF-1 is, the victim

15    in that case as well.  And so I think for her benefit and

16    protection, if we could redact the names of the children, of

17    the offspring of Mr. and Mrs. Geary that have been mentioned

18    here today, and that would be MF-2, MM-3, and MF-1, or MF-1.

19          **THE COURT:**  Ms. Connor?

20          **MS. CONNOR:**  Your Honor, as long as we have some

21    designation so that we can later identify who those people are.

22          **THE COURT:**  I think the designation can be the ones

23    in the Indictment, or the designation can be -- the

24    designation --

25          **MR. BERRY:**  If I could just suggest, obviously for

1   MF-2, we'll make her MF-2.

2          **THE COURT:**  Okay.

3          **MR. BERRY:**  MF-1 or MF-1, if we'll make that MF-1.

4   And then for MM-3, if you would just put MM-3, for example.

5          **THE COURT:**  Will that work, Ms. Connor?  I don't

6   know.

7          **MS. CONNOR:**  As long as we all agree on who

8   everybody is, I think it's fine.  I don't want there to be an

9   understanding though that we are stipulating that children are

10   victims.

11          **THE COURT:**  Right.  What it is, is an accommodation

12   to the record is what it is.

13          **MR. BERRY:**  That's right.

14          **THE COURT:**  If there is any confusion, that will get

15   fettered out, obviously, at the appropriate time.

16          **MR. BERRY:**  And just to be clear, MF is minor

17   female, not minor victim.

18          **THE COURT:**  Right.

19          **MR. BERRY:**  MM is minor male, even though he is not

20   really a minor.  But for purposes of this, I think it would be

21   simpler.  So I'm not suggesting it's minor victim X, minor

22   victim whatever, such that they are victims when they're not in

23   this case for clarification.

24          **THE COURT:**  And, obviously, at the sentencing

25   hearing we will make sure that is straight.  Okay.  Anything

1   else we need to address today?

2           **MS. CONNOR:**  No, Your Honor.

3           **THE COURT:**  Mr. Berry, anything else we need to

4   address today?

5           **MR. BERRY:**  No, Your Honor.  Thank you.

6           **THE COURT:**  Okay.  Ms. Geary, do you have any

7   questions?

8           **THE DEFENDANT:**  No, Your Honor.

9           **THE COURT:**  Remember, you need to be here for the

10  day of your sentencing.

11          **THE DEFENDANT:**  Yes, sir.

12          **THE COURT:**  And good luck to you until you get back

13  here on that time.

14          **THE DEFENDANT:**  Thank you.

15          **THE COURT:**  Court is adjourned.

16      (Proceedings concluded at 2:27 p.m.)

17                      * * * * *
                      *CERTIFICATION*

18

19      I, ASHLEY N. STOKES, Federal Court Reporter, certify
    that the foregoing is a correct transcript from the record of

20  proceedings in the above-entitled matter.

21

22

23      S/Ashley N. Stokes_____  August 21, 2019
        Certified Realtime Reporter
        United States District Court

24      Northern District of Indiana
        Hammond Division

25

─────────── Ashley N. Stokes, CSR, RPR ───────────
Ashley_Stokes@innd.uscourts.gov/ (219) 852-6557