UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:17-CR-169-JVB-JEM |
| ) | |
| SHEILA GEARY, ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Compassionate Release [DE 115], filed by Defendant Sheila Geary on May 29, 2020.

### BACKGROUND

On December 21, 2017, an Indictment was filed charging Defendant with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4). Defendant was released on bond pending trial. On March 7, 2019, Defendant pled guilty. On May 24, 2019, the sentencing hearing began. It was concluded on June 27, 2019, and the Court sentenced Defendant to 57 months imprisonment and 5 years supervised release. Defendant is currently incarcerated at the Hazelton Federal Correctional Institution (FCI-Hazelton) in West Virginia.

On May 29, 2020, Defendant filed the instant motion requesting recalculation of Defendant's sentence or a change to home confinement for the duration of her sentence. Defendant presents her sleep apnea and chronic lung disease of bronchial asthma combined with the COVID-19 pandemic as the reasons for her request. The Government filed a response on June 19, 2020.

## ANALYSIS

Under 18 U.S.C. § 3582(c)(1)(A), the Court can grant a defendant's motion for compassionate release if the defendant complied with the administrative exhaustion requirement and the Court, having considered the factors found at 18 U.S.C. § 3553(a) as applicable, finds that extraordinary and compelling reasons warrant compassionate release and that compassionate release is consistent with the United States Sentencing Commission's applicable policy statements. The Government agrees that Defendant has exhausted her administrative remedies.

Congress tasked the Sentencing Commission with promulgating a policy statement on § 3582(c)(1)(A) and the definition of "extraordinary and compelling reasons." 28 U.S.C. § 994(t). The guidelines manual provides that the Court must determine that "the defendant is not a danger to the safety of any other person or to the community." U.S. Sentencing Guidelines Manual § 1B1.13(2). The policy statement, found in the application notes to § 1B1.13 of the United States Sentencing Guidelines Manual, provides, as is relevant here, that a defendant's medical condition is an extraordinary and compelling reason when the defendant's serious physical or medical condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" and the defendant is not expected to recover from the condition. *Id.* at § 1B1.13 cmt. 1.[1]

As noted above, Defendant points to sleep apnea, chronic bronchial asthma, and the COVID-19 pandemic for the Court to consider in deciding whether compassionate release is appropriate. Defendant did not present medical records or other evidence of her medical conditions, but the Government submitted Defendant's Bureau of Prisons medical records.

---

[1] The policy statement does not reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release.

It appears that Defendant's use of a CPAP machine for sleep apnea is fairly new, the use having begun in May 2020. *See* (Resp. Ex. 3, 81, ECF No. 119-3). She does have asthma, *see id.* at 86, and an active prescription for an inhaler, *see id.* at 96), but the Court has found no evidence to support her statement that she "has been treated for Bronchitis and severe Asthma Attacks" during her incarceration. (Mot. 2, ECF No. 115). Notably, she had a "normal chest examination" on October 31, 2019. (Resp. Ex. 3, 131, ECF No. 119-3).

The Centers for Disease Control and Prevention lists moderate-to-severe asthma as a condition that might cause an individual to have an increased risk for severe illness from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 30, 2020). Defendant's records are unclear as to the severity of her asthma. Furthermore, Defendant's place of incarceration, FCI-Hazelton, has no confirmed active cases of COVID-19. *See* https://www.bop.gov/coronavirus/ (last visited June 30, 2020). From the evidence presented, the Court sees no extraordinary and compelling reason warranting compassionate release. In denying Defendant's motion, however, the Court

> do[es] not mean to minimize the risks that COVID-19 poses in the federal prison system . . . . But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prisons'] statutory role, and its extensive and professional efforts to curtail the virus's spread.

*United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020).

To the extent Defendant requests home confinement as relief separate from compassionate release, that relief is not available for the Court to grant. While compassionate release—that is, a *reduction* in sentence—is governed by § 3582(c)(1)(A), the *location* where a sentence is served is not. Authority for determining the location where a sentence is served (including home confinement) is given to the Bureau of Prisons. *See* 18 U.S.C. §§ 3621(b), 3624(c)(2). The Court does not have the authority to order the remainder of Defendant's sentence to be served on home

3

confinement. *United States v. Council*, No. 1:14-CR-14-5, 2020 WL 3097461, at *7 (June 11, 2020); *United States v. Neeley*, No. 1:14-cr-00096, 2020 WL 1956126, at *2 (S.D. Ind. Apr. 23, 2020).

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Motion for Compassionate Release [DE 115].

SO ORDERED on June 30, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
